UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY L. PARKER,           ) | |
|                             ) | |
|       Petitioner,   ) | |
|                             ) | |
|       v.                    ) | No. 4:07-CV-752 CAS |
|                             ) | |
| MICHAEL BOWERSOX,           ) | |
|                             ) | |
|       Respondent.   ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jerry L. Parker for leave to commence this action without payment of the required filing fee. [Doc. #2] See 28 U.S.C. § 1915(a). Upon review of the financial information provided with the application, the Court concludes that applicant is unable to pay any portion of the filing fee. Therefore, the Court will grant petitioner leave to proceed in forma pauperis on his writ of habeas corpus.

### The petition

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for one count of sodomy; four counts of armed criminal action; three counts of kidnapping; and one count of sexual abuse (misdemeanor). The convictions were obtained in the Circuit Court of Phelps County, Missouri. Petitioner contends that there is newly discovered evidence that he is actually innocent of the offenses.

### Discussion

The Court's records show that petitioner has brought a previous action for relief under 28 U.S.C. § 2254 challenging these convictions. <u>Parker v. Groose</u>, No. 4:95CV485(CAS) (E.D. Mo.). The previous petition was denied and petitioner was denied a certificate of appealability by the Eighth Circuit Court of Appeals. <u>Parker v. Groose</u>, No. 98-3492 (8th Cir. Oct. 6, 1998).

Title 28 U.S.C. § 2244(b)(3)(A) now provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

As noted above, the instant petition is petitioner's second § 2254 motion. There is no indication that the Court of Appeals has certified the instant motion as now required by § 2244(b)(3)(A). Because there is no certification from the Court of Appeals, this Court lacks jurisdiction to entertain the instant petition. Consequently, the instant petition should be summarily dismissed. <u>See</u> Rule 4 of the Federal Rules Governing § 2254 Cases in the United States District Courts.

At least three circuit courts, however, have held that when a petitioner files a successive habeas petition in the district court without first seeking permission from the Court of Appeals, the case should be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631. <u>See</u> <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th

Cir. 1997); <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2d Cir. 1996). Under § 1631, a court shall, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought at the time it was filed. Once the case is transferred, the Court of Appeals would then consider whether the second or successive petition meets the statutory requirements for consideration by the district court. <u>Liriano</u>, 95 F.3d at 122-23.

This Court believes that the instant case should not be summarily dismissed. Instead, the case should be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631 as outlined in <u>Liriano</u>.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's application to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1] is **DENIED**, without prejudice for lack of jurisdiction, because petitioner did not get permission from the Eighth Circuit Court of Appeals to bring this action as now required by 28 U.S.C. § 2244.

**IT IS FURTHER ORDERED** that the instant petition shall be transferred to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

An appropriate order will accompany this memorandum and order.

                                                              */s/ Charles A. Shaw*
                                                              **CHARLES A. SHAW**
                                                              **UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of April, 2007.